## LUKE BALDWIN *vs.* AARON D. WILLIAMS.

A contract for the sale of promissory notes is within the statute of frauds, (Rev. Sts. c. 74, § 4,) and must be proved by some note or memorandum in writing, unless the purchaser has done one of the other acts required by the statute.

THIS case was tried before *Wilde* J. who made the following report of it :

This was an action of assumpsit, and the declaration set forth an agreement of the plaintiff, that he would bargain, sell, assign, transfer and set over to the defendant, and indorse without recourse to him, the plaintiff, in any event, two notes of hand by him held, signed by S. J. Gardner ; one dated April 24th 1835, for the payment of $ 1500 ; the other dated May 5th 1836, for the payment of $ 500 ; and both payable to the plaintiff, or order, on the 3d of April 1839, with interest from their dates.  The declaration set forth an agreement by the defendant, in consideration of the plaintiff's agreement aforesaid, and in payment for said Gardner's said notes, to pay the plaintiff $ 1000 in cash, and to give the plaintiff a post note, made by the Lafayette Bank, for $ 1000, and also a note signed by J. B. Russell & Co. and indorsed by D. W. Williams, for $ 1000.

The plaintiff, at the trial, proved an oral agreement with the defendant, as set forth in the declaration, and an offer by the plaintiff to comply with his part of said agreement, and a tender of said Gardner's said notes, indorsed by the plaintiff, without recourse to him in any event, and a demand upon the defendant to fulfil his part of said agreement, and the refusal of the defendant to do so :  But the plaintiff introduced no evidence

tending to show that any thing passed between the parties at the time of making the said agreement, or was given in earnest to bind the bargain.

The judge advised a nonsuit upon this evidence, because the contract was not in writing nor proved by any note or memorandum in writing signed by the defendant or his agent, and nothing was received by the purchaser, nor given in earnest to bind the bargain. A nonsuit was accordingly entered, which is to stand, if in the opinion of the whole court the agreement, set forth in the declaration, falls within the statute of frauds — Rev. Sts. c. 74, § 4 : Otherwise, the nonsuit to be taken off, and a new trial granted.

*Clarke*, for the plaintiff. The contract declared on is not for a sale, but for an exchange ; and exchanges are not within the statute of frauds. Roberts on Frauds, 164, *note* (81). The Rev. Sts. c. 74, § 4, apply only to a " contract for the sale of any goods, wares, or merchandize " ; and choses in action fall within neither of these terms. Swinb. Part VIII. § 10. 3 Bl. Com. 145. 1 Chit. Gen. Pract. 97. *Green* v. *Symonds*, 1 Bro. C. C. 129, *note*. 1 Roper on Leg. (1st Amer. ed.) 190. 1 Phil. Ins. (1st ed.) 66. *Whiton* v. *Old Colony Ins. Co.* 2 Met. 1. 2 Williams on Executors, 749.

The decision of this court in *Tisdale* v. *Harris*, 20 Pick. 9, that a contract for the sale of shares in a manufacturing corporation is within the statute of frauds, is directly contrary to a decision since made by the court of King's Bench in England. In *Humble* v. *Mitchell*, 11 Adolph. & Ellis, 207, it was held that a contract for the sale of shares in a joint stock banking company need not be in writing. Lord Denman said, " shares in a joint stock company like this are mere choses in action, incapable of delivery, and not within the scope of the 17th section " of the *St.* 22 Car. II. c. 2, which is like § 4 of c. 74 of our Rev Sts.

*S. D. Parker*, for the defendant. The case of *Tisdale* v *Harris* is decisive of the case at bar. Promissory notes are " goods," and for many purposes they are " merchandize " *Bona notabilia* include notes and bills of exchange, and the

place of administration is determined by the locality of such choses in action. 1 Williams on Executors, 177, 178.

The declaration shows a contract of sale, and not of exchange. If it does not, there is no cause of action on the record. But an exchange of goods is a barter sale. It is not necessary that money should be received or be stipulated for, in order to constitute a sale.

WILDE, J. This action is founded on an oral contract, and the question is, whether it is a contract of sale within the statute of frauds.

The plaintiff's counsel contends, in the first place, that the contract is not a contract for the sale of the notes mentioned in the declaration, but a mere agreement for the exchange of them ; and, in the second place, that if the agreement is to be considered as a contract of sale, yet it is not a contract within that statute.

As to the first point, the defendant's counsel contends, that an agreement to exchange notes is a mutual contract of sale. But it is not necessary to decide this question, for the agreement of the defendant, as alleged in the declaration, was, to pay for the plaintiff's two notes $2000 in cash, in addition to two other notes ; and that this was a contract of sale is, we think, very clear.

The other question is more doubtful. But the better opinion seems to us to be, that this is a contract within the true meaning of the statute of frauds. It is certainly within the mischief thereby intended to be prevented ; and the words of the statute, " goods " and " merchandize," are sufficiently comprehensive to include promissory notes of hand. The word " goods " is a word of large signification ; and so is the word " merchandize." *Merx est quicquid vendi potest.*

In *Tisdale* v. *Harris*, 20 Pick. 9, it was decided that a contract for the sale of shares in a manufacturing corporation is a contract for the sale of goods or merchandize within the statute ; and the reasons on which that decision was founded seem fully to authorize a similar decision as to promissory notes of hand. A different decision has recently been made in England, in *Humble* v. *Mitchell*, 3 Perry & Davison, 141. *S. C*

11 Adolph. & Ellis, 207. In that case it was decided that a contract for the sale of shares in a joint stock banking company was not within the statute of frauds. But it seems to us that the reasoning, in the case of *Tisdale* v. *Harris*, is very cogent and satisfactory ; and it is supported by several other cases. In *Mills* v. *Gore*, 20 Pick. 28, it was decided that a bill in equity might be maintained to compel the re-delivery of a deed and a promissory note of hand, on the provision in the Rev. Sts. c. 81, § 8, which gives the court jurisdiction in all suits to compel the re-delivery of any *goods or chattels* whatsoever, taken and detained from the owner thereof, and secreted or withheld, so that the same cannot be replevied. And the same point was decided in *Clapp* v. *Shephard*, 23 Pick. 228 In a former statute (*St.* 1823, c. 140), there was a similar provision which extended expressly to " any goods or chattels, deed, bond, note, bill, specialty, writing or other personal property." And the learned commissioners, in a note on the Rev. Sts. c. 81, § 8, say, that the words " ' goods or chattels ' are supposed to comprehend the several particulars immediately following them in *St.* 1823, c. 140, as well as many others that are not mentioned."

The word " chattels " is not contained in the provision of the statute of frauds ; but personal chattels are moveable goods, and, so far as these words may relate to the question under consideration, they seem to have the same meaning. But however this may be, we think the present case cannot be distinguished in principle from *Tisdale* v. *Harris* ; and upon the authority of that case, taking into consideration again the reasons and principles on which it was decided, we are of opinion that the contract in question is within the statute of frauds, and consequently that the motion to set aside the nonsuit must be over-ruled.